IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02696–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

BLACK AND MCDONALD/CUSTOM LIGHTING SERVICES,

    Defendant.

---

## ORDER

---

This matter is before the court on a number of materials that Plaintiff has conventionally submitted in this case. Specifically, on April 16, 2012, Plaintiff filed her "Response to Order to Show Cause" (Doc. No. 31, filed Apr. 16, 2012), which includes two conventional submissions entitled "Conventional Submission – Exhibit #1 Hubbard Digest" (Doc. No. 32) and "Sealed and Confidential Submission #2 – Testimony and Affidavit" (Doc. No. 33). Additionally, on May 8, 2012, Plaintiff submitted her first "Motion Seeking Leave to File Sealed Documents" (Doc. No. 41), which includes a "Conventional Submission of a Sealed Motion on Compact Disc" (Doc. No. 41-1).[1] Finally, on May 9, 2012, Plaintiff filed a "Conventional Submission of a Sealed

---

[1] Although this document suggests that Plaintiff submitted a "Sealed Motion on Compact Disc," the court did not receive any such CD on May 8, 2012. Indeed, upon review of the docket, it appears that Plaintiff neglected to bring the compact disc to the court for filing on May 8, 2012 (*see* Doc. No. 41) and instead conventionally submitted it the following day (*see* Doc. No. 46).

Motion on Compact Disc" (Doc. No. 46), which appears to be related to her second "Motion Seeking Leave to Filed Sealed Document - Level #3. (Doc. No. 45, filed May 9, 2012).

Plaintiff has registered as a participant in the court's Electronic Case Filing System (ECF) pursuant to D.C.COLO. ECF Procedures (Civil) 3.2B. Pursuant to D.C.COLO. ECF Procedures (Civil) 1.1A, "all documents filed in civil cases shall be filed electronically in a portable document format (PDF) using the [ECF] system." The only applicable exception to this requirement is for "[m]aterials that *cannot* be converted to electronic form (e.g. videotape, audiotape, etc.), which instead must "be filed by delivering them directly to the clerks's office and following Section 5.8 of these procedures. *Id.* at 1.2A (emphasis added). The court has reviewed the compact discs submitted conventionally by Plaintiff and finds that each of the electronic documents contained therein could have been filed electronically in PDF format. Thus, Plaintiff was required to submit these documents via ECF and was not permitted to file them conventionally.

Additionally, Plaintiff's conventional submission of these materials further violates ECF Procedures (Civil) 5.8F.3, which provides as follows:

> The filer [of conventionally submitted materials] must serve the conventionally submitted materials on all other parties. The Notices of Electronic Filing generated by the electronic filing of the cover page and by the court's text -only entry noting receipt of the materials shall not constitute service.

On April 20, 2012, Defendant filed a "Notice of Plaintiff's Failure to Serve Exhibits with Response to Order to Show Cause" indicating that it was not served with the conventionally submitted materials attached to Plaintiff's Response to Order to Show Cause. (*See* Doc. No. 34.)

Similarly, on May 8, 2012, Defendant filed a "Notice of Plaintiff's Failure to Serve Exhibits with her 'Motion Seeking Leave to File Sealed Documents'" indicating that Plaintiff failed to serve Plaintiff with a copy of the conventionally submitted compact disc attached to her first "Motion Seeking Leave to File Sealed Documents." (*See* Doc. No. 49.)  Finally, Plaintiff's Second "Conventional Submission of a Sealed Motion on Compact Disc" (Doc. No. 46) does not include a certificate of service indicating that the conventionally submitted compact disc was served on Defendant.

Accordingly, the court finds that each of Plaintiff's conventional submissions are properly stricken for failure to comply with D.COLO. ECF Procedures (Civil) 1.1 and 5.8F.3. Nevertheless, as to the conventionally submitted materials attached to Plaintiff's Response to Order to Show Cause, given the implications that the Order to Show Cause may have on Plaintiff's case, the finds it proper to permit Plaintiff an opportunity to properly re-file these materials.[2]  Accordingly, the court will grant Plaintiff a brief extension of time to resubmit these materials.  Plaintiff is advised that her future filings must comply with the court's Local Rules, including the District of Colorado Civil ECF Procedures, as well the Federal Rules of Civil Procedures.  Failure to comply with these rules will result in an additional Order to Show Cause being entered against her.

---

[2] The court will not permit Plaintiff to re-file her either of her "Conventional Submission[s] of a Sealed Motion on Compact Disc" (Doc. Nos 41-1 & 46).  Each of those conventionally submitted motions seeks to restrict access to Plaintiff's "Sealed and Confidential Submission #2 – Testimony and Affidavit" (Doc. No. 31-2).  Because this Order strikes the document that Plaintiff's conventionally submitted motions seek to restrict, those motions are now moot.

Therefore, for the foregoing reasons, it is

**ORDERED** that the following Conventionally Submitted Materials are **STRICKEN**:

1. Plaintiff's "Conventional Submission – Exhibit #1 Hubbard Digest" (Doc. No. 32);

2. Plaintiff's "Sealed and Confidential Submission #2 – Testimony and Affidavit" (Doc. No. 33);

3. "Conventional Submission of a Sealed Motion on Compact Disc" (Doc. No. 41-1); and

4. Plaintiff's "Conventional Submission of a Sealed Motion on Compact Disc" (Doc. No. 46).

It is further

**ORDERED** that Plaintiff may properly re-file the conventionally submitted materials attached to her Response to Order to Show Cause no later than **May 21, 2012.**

Dated this 14th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge