IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02696–REB–KMT

THERESA L. DOWLING,

     Plaintiff,

v.

BLACK AND MCDONALD/CUSTOM LIGHTING SERVICES,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This matter comes before the court on the Order to Show Cause (Doc. No. 20), entered

on February 27, 2012, relating to Plaintiff's failure to (1) participate in a Fed. R. Civ. P. 26(f)

planning conference, (2) participate in preparing a proposed scheduling order, and (3) comply

with this court's orders.[1]   The court also considers herein "Defendant's Motion for Leave to File

Surreply to Plaintiff's Unopposed Amended Response to the Order to Show Cause."  (Doc. No.

82, filed July 25, 2012. [Mot. Leave File Surreply].)

---

[1] Pursuant to the Local Rules of Practice for the United States District Court for the
District of Colorado, "[a] judicial officer may issue an order to show cause why a case should
not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal
Rules of Civil Procedure, or any court order."  D.C.COLO.LCivR 41.1.

**BACKGROUND**

Pursuant to the Order of Reference dated November 9, 2011, this civil action was referred to the Magistrate Judge to, *inter alia*, "[c]onvene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2." (Doc. No. 8.)  On December 14, 2011, the court issued its "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting."  (Doc. No. 13 [Order Setting Sched. Conf.].)  Therein, the court set a Scheduling Conference for March 1, 2012.  (*Id.* at 1.)  The court also ordered the parties to "confer in accordance with Fed. R. Civ. P. 26(f)" on or before February 9, 2012, and to file a proposed scheduling order on or before February 23, 2012.  (*Id.* at 2.)

On February 23, 2012, Defendant timely filed a proposed scheduling order.  (Doc. No. 14 [Proposed Sched. Order].)  Therein, Defendant noted that the Rule 26(f) planning meeting was not held because, despite its numerous attempts to contact Plaintiff by mail, email, and telephone, Plaintiff failed to communicate with counsel for Defendant.  (*Id.*) )  More specifically, on January 20, 2012, Defendant's counsel sent a letter to Plaintiff via mail at the address noted in Plaintiff's Title VII Complaint (Doc. No. 1, filed Oct. 17, 2011), as well as via email to trry33@hotmail.com,[2] proposing dates to conduct the Rule 26(f) planning meeting. (Doc. No. 14-1, Declaration of James C. Sullivan [Sullivan Decl.] ¶ 3; Ex. A.)  Plaintiff never responded to this letter.  (*Id.* ¶ 4.)

---

[2] Although Defendant's counsel maintains in his declaration that he attempted to email Plaintiff at try33@hotmail.com (Sullivan Decl. ¶¶ 3, 6), this appears to be a typographical error, as a review of the emails themselves plainly indicates that the emails were sent to trry33@hotmail.com (*id.*, Ex. B; *see also id.* ¶ 7).

After January 20, 2012, Defendant's counsel made numerous attempts to reach Plaintiff by phone by calling Plaintiff at the phone number listed in her Title VII Complaint.  (*Id.* ¶ 5.) Plaintiff did not answer any of those phone calls, and because Plaintiff's voicemail box was full, Defendant's counsel was unable to leave a message.  (*Id.*)  On at least five occasions, Defendant's counsel followed-up his phone calls to Plaintiff with an email.  (*Id.* ¶ 6; Ex. B.)  In those emails, Defendant's counsel again informed Plaintiff of the parties' responsibility to conduct a Rule 26(f) planning meeting prior to February 9, 2012.  (*Id.*)  Plaintiff never responded to these emails or to Defendant's counsel's phone calls.  (*Id.*)

Beginning on February 3, 2012, Defendant's counsel sent the above email messages to another email address, trry33@gmail.com—the email address featured on the court's CM/ECF filing system.  (*Id.* ¶ 7.)  However, as with the trry33@hotmail.com address, Plaintiff never responded to the emails sent to trry33@gmail.com.  (*Id.*)

On February 14, 2012, after the deadline for conducting the Rule 26(f) planning meeting had passed, Defendant's counsel sent a draft of its proposed scheduling order to Plaintiff via Federal Express, mail, and email.  (*Id.* ¶ 8.)  Defendant's counsel followed-up with Plaintiff via email on February 17, 2012.  (*Id.*)  On February 21, 2012, Defendant's counsel called Plaintiff at the number listed in her Title VII Complaint with the same result—the call immediately rolled over to voicemail, and, again, Plaintiff's voicemail box was full.  (*Id.*)  Defendant's counsel once again followed up this phone call with an email requesting that Plaintiff contact him to provide her input to the proposed scheduling order.  (*Id.*)  Plaintiff did not respond to any of this correspondence regarding the proposed scheduling order.  (*Id.* ¶¶ 9-10.)  Accordingly,

Defendant's counsel was forced to file the proposed scheduling order without any input from Plaintiff.  (*See* Proposed Scheduling Order.)

Plaintiff bears the responsibility of complying with court orders and prosecuting her case. Here, by utterly failing to communicate with Defendant's counsel regarding the Rule 26(f) planning meeting and the proposed scheduling order, Plaintiff failed to comply with this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting.  (*See* Order Setting Sched. Conf.)  Based on these facts, the court issued its Order to Show Cause, directing Plaintiff to show cause in writing by March 12, 2012, why her "Title VII Complaint" should not be dismissed for failure to prosecute her case and failure to comply with court orders.  The court warned Plaintiff that failure to respond to the Order to Show Cause or failure to show cause would result in a recommendation that this case be dismissed, with prejudice, in its entirety pursuant to Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2) and 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

On March 15, 2012, the court granted Plaintiff an extension of time through April 14, 2012 to respond to the Order to Show Cause.  (Minute Order, Doc. No. 30.)  On April 16, 2012, two days after that extended deadline, Plaintiff filed her original Response to Order to Show Cause.  (Doc. No. 16 [Resp.])  Therein, Plaintiff asserts that she conferred with Defendant in December and late-February.  (*Id.* at 1.)  Plaintiff also maintains that Defendants "were instantly stubborn and unethical" and "broke off communication."  (*Id.*)  Plaintiff also asserts that she "misremembered the day of the scheduling conference and believed it to be March 12th or 13th, probably because her and some relatives birthdays are at that time."  (*Id.* at 2.)

4

On June 13, 2012, Defendant filed its "Response to Plaintiff's Response to Order to Show Cause." (Doc. No. 63 [hereinafter "Reply".) Therein, Defendant notes that Plaintiff's Response does not deny that Plaintiff failed to participate in the Rule 26(f) planning meeting or preparing the proposed scheduling order. (*Id.* at 1-2.) Defendant also notes that Plaintiff does not deny that she received numerous letters, emails, and phone calls from Defendant's counsel regarding the parties duty to conduct the Rule 26(f) planning meeting and prepare the proposed scheduling order. (*Id.* at 2.) Defendant's counsel acknowledges that he did confer with Plaintiff in mid-December 2011, but that conversation only related to Plaintiff's request to postpone the scheduling conference by three months, to which Defendant's counsel also objected. (*Id.* at 3.) Similarly, Defendant's counsel acknowledges that he spoke with Plaintiff on February 27, 2012—just before the Order to Show Cause was entered—regarding Plaintiff's proposal to stay this action for one year, to which Defendant's counsel objected. (*Id.* at 4.) Finally, Defendant's counsel vehemently denies Plaintiff's position that he was stubborn and unethical, and maintains that Plaintiff's position that he "broke off communications" is belied by the record. (*Id.* at 4-5.)

On July 12, 2012, the court granted Plaintiff an extension of time through July 19, 2012 to respond to Defendant's Reply. However, rather than filing what would have effectively been a surreply to Defendant's Reply, on July 20, 2012, one day after the court-imposed deadline, Plaintiff filed an "Unopposed Ammended [sic] Response to the Order to Show Cause." (Doc. No. 81 [Am. Resp.].) Plaintiff's Amended Response is largely consumed with maligning the court, the legal system, and opposing counsel. (*See id.*) Plaintiff also maintains that she contacted Defendant before the Scheduling Conference and that she has been suffering from

several medical issues.  (*Id.* at 8-10.)  Finally, Plaintiff appears to argue that dismissing this case would be inappropriate because she did not act willfully or in bad faith, because Defendant has not been prejudiced, because she did not have any notice of a potential sanction, and because less drastic sanctions have not been imposed or ordered.  (*Id.* at 11-15.)

Defendant's Motion for Leave to File a Surreply was filed on July 25, 2012. (*See* Mot. Leave File Surreply.)  Defendant seeks leave to file an attached surreply because Plaintiff's Amended Response raises new issues that were not incorporated into her original Response. (*See id.*)

## ANALYSIS

### A.    *Motion for Leave to File Surreply*

At the outset, the court considers Defendant's Motion for Leave to File a Surreply. Defendant is correct that Plaintiff's Amended Response raises new issues that were not incorporated into her original Response; however, the court finds that the existing briefing, which now includes a response, reply, and an amended response, is more than sufficient to apprise the court of the narrow issues at hand.  Therefore, because a surreply would not be helpful to the court's determination, the court finds that Defendant's Motion is properly denied.

### B.    *Order to Show Cause*

The court finds that Plaintiff has failed to show cause for her failure to comply with this court's Order Setting Scheduling Conference and to prosecute this case.  Despite multiple opportunities to do so, Plaintiff has failed to explain why she was unable to respond to Defendant's repeated attempts to contact her regarding the Rule 26(f) planning meeting and

proposed scheduling order.  Although Plaintiff maintains that she did contact Defendant's counsel in mid-December, Plaintiff does not dispute that the substance of this conversation related solely to Plaintiff's request to postpone the Scheduling Conference by three months. Defendant's counsel objected to that request and, notably, Plaintiff never filed an motion to reset the Scheduling Conference.  Similarly, although Plaintiff again spoke to Defendant's counsel in late-February 2012 about staying this action for one year, Plaintiff does not dispute that this conversation occurred well after the parties were required to conduct the Rule 26(f) planning meeting and submit a proposed scheduling order.

Plaintiff's unsupported assertion that Defendant's counsel "broke off communication" is wholly refuted by the record, which demonstrates that Defendant's counsel made numerous attempts to contact Plaintiff via mail, email, and telephone about the parties duty to conduct a Rule 26(f) planning meeting and to prepare a proposed scheduling order.  (*See* Proposed Scheduling Order.)  For similar reasons, the court also rejects Plaintiff's conclusory assertion that Defendant's counsel was "stubborn and unethical."  (Resp. at 1.)

Additionally, the fact that Plaintiff may have "misremembered" the date of the Scheduling Conference fails to show cause for her failure to comply with the court's Order Setting Scheduling Conference.  (*Id.* at 2.)  Again, the record amply demonstrates that Defendant's counsel made repeated attempts to contact her regarding both the Rule 26(f) planning meeting and the Scheduling Conference.  Had Plaintiff responded to even one of these emails, phone calls, and letters, her erroneous assumption about the date of the Scheduling Conference could have been easily corrected.

7

Finally, the court finds that Plaintiff's vague references to various medical issues does not show cause for her failure to participate in the Rule 26(f) planning meeting or in preparing the proposed scheduling order. Plaintiff does not provide any specific dates that she suffered from these purportedly disabling conditions, nor does she explain why they prevented her from responding to Defendant's counsel's numerous attempts to contact her. Additionally, it is notable that Plaintiff did not raise these medical issues with Defendant's counsel when they spoke in mid-December and late-February; nor were they raised in her original Response to the Order to Show Cause. Rather, they only came to light when she filed her Amended Response nearly five months after the Order to Show Cause was entered.

Having concluded that Plaintiff has not shown cause for her failure to prosecute this case and failure to comply with court orders, the court turns to the appropriate sanction. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case. The Tenth Circuit has likewise recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002).

However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker &*

8

*Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916

(10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered

when evaluating grounds for dismissal of an action with prejudice.  The factors are: "(1) the

degree of actual prejudice to the defendant; (2) the amount of interference with the judicial

process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance

that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of

lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber*

*Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996).  "These factors do not create a

rigid test; rather they represent criteria for the district court to consider prior to imposing

dismissal as a sanction."  *Id.*  "[D]ismissal is warranted when 'the aggravating factors outweigh

the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes*

*9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*,

965 F.2d at 921).

        Having, considered the *Ehrenhaus* factors, the court finds that dismissal with prejudice is

appropriate.  Although Plaintiff insists that Defendant has not been prejudiced (Am. Resp. at 14),

the court disagrees.  Specifically, Plaintiff's conduct has prejudiced Defendant insofar as

Defendant's counsel spent considerable time in his repeated, unsuccessful attempts to contact

Plaintiff to conduct the Rule 26(f) planning meeting and to prepare the proposed scheduling

order.  Defendant also was forced to unilaterally prepare and file the proposed scheduling order,

only to have the court vacate the Scheduling Conference due to Plaintiff's failure to provide any

input into the proposed scheduling order.  (*See* Order to Show Cause at 4.)

Second, the court finds that Plaintiff has significantly interfered with the judicial process not only in this matter, but also a previously-filed case against the same defendant.  More specifically, Plaintiff filed a prior Title VII Complaint against Black and McDonald/Custom Lighting Services on July 14, 2011.  (*See* Doc. No. 1, Case No. 11-cv-01838-LTB.)  On July 29, 2011, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to cure several enumerated deficiencies in her Title VII Complaint within thirty days.  (Doc. No. 3, Case No. 11-cv-01838-LTB.)  Similar to Plaintiff's conduct in this case, Plaintiff failed to comply with Magistrate Judge Boland's order, and, as a consequence, that case was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  (*See* Doc. No. 8, filed Sept. 13, 2011, Case. No. 11-cv-01838-LTB.)  As such, Plaintiff has now wasted scarce judicial resources, in not one, but two cases and, as a consequence, has exhibited a substantial disregard for the judicial process.

Third, the court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders.  Although Plaintiff maintains that she mistakenly followed a secondary source entitled "Litigating Sexual Harassment & Sex Discrimination Cases" regarding the timing of the Rule 26(f) planning meeting (Am. Resp. at 11, Ex. 4), this does not explain Plaintiff's utter failure to respond to Defendant's counsel's repeated attempts to contact her, nor does it explain her admitted failure to consult the court's Order Setting the Scheduling Conference (*see id.* at 11).

More importantly, the court notes that Plaintiff filed several other cases the same day as this action was filed and in each and every one of those cases the court has been forced to enter orders to show cause based on Plaintiff's failure to communicate with defense counsel and

10

failure to comply with court-ordered obligations.  (*See* Doc. No. 21, Case No. 11-cv-2695-REB-KMT; Doc. No. 20, Case No. 11-cv-2697-REB-KMT.)[3]  Indeed, as in this case, the scheduling conference set in those cases were vacated due to Plaintiff's complete failure to communicate with defense counsel and provide her input for the proposed scheduling orders.  (*See id.*)

Plaintiff's culpability is further corroborated by Plaintiff's failure to comply with Magistrate Judge Boland's Order Directing Plaintiff to Cure Deficiencies entered in Case Number 11-cv-1838-LTB.  (Doc. No. 3, Case No. 11-cv-01838-LTB.)  Altogether, Plaintiff's conduct in this case is far from an isolated incident that can be gratuitously overlooked.  Instead, Plaintiff has demonstrated an unacceptable pattern of scorning court orders, thereby undermining the judicial process and wasting court and party resources along the way.

Fourth, the court specifically warned Plaintiff that her failure to comply with this court's orders or show cause would result in a recommendation that this case be dismissed with prejudice.  (*See* Order to Show Cause at 5.)

As to the final *Ehrehaus* factor, the court finds Plaintiff's failure to obey the orders of this court, in this and other cases, to be unacceptable and that such litigation behavior should not be tolerated.  Between October 17, 2011, when Plaintiff filed her Title VII Complaint, and the

---

[3] Indeed, in both cases the court entered a Recommendation that Plaintiff's Complaint be dismissed with prejudice (*see* Doc. No. 22, filed Apr. 18, 2012, Case No. 11-cv-2695-REB-KMT; Doc. No. 72, filed June 6, 2012, Case No. 11-cv-2697-REB-KMT), and in Case Number 11-cv-2695-REB-KMT, District Judge Robert E. Blackburn adopted this court's Recommendation and dismissed that case with prejudice.  (*See* Doc. No. 22, filed Apr. 18, 2012, Case No. 11-cv-2695-REB-KMT.)  The Recommendation in Case Number 11-cv-2697-REB-KMT has not yet been ruled on.

entry of the Order to Show Cause, Plaintiff made very little effort to prosecute this action, which has substantially delayed the progress of this case. Furthermore, the fact that Plaintiff filed this second action against Black and McDonald/Custom Lighting Services after Case Number 11-cv-1838-LTB was dismissed without prejudice demonstrates that doing the same here (i.e. dismissing this action without prejudice) would be insufficient to deter Plaintiff from engaging in such behavior in the future. Indeed, Plaintiff's conduct in Case Number 11-cv-1748-LTB, Case Number 11-cv-2697-REB-KMT, and this case clearly indicates that Plaintiff intends to proceed with her cases at her own pace, regardless of any court orders or sanctions to the contrary. Finally, because Plaintiff is proceeding *in forma pauperis,* a monetary sanction would be ineffective.

Accordingly, recognizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective to deter this pattern of impermissible conduct. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice); *see also Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)) (dismissal with prejudice serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.'"). Altogether, the court

12

concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the Defendant's Motion for Leave to File Surreply to Plaintiff's Unopposed Amended Response to the Order to Show Cause (Doc. No. 82) be DENIED.

The court further

RECOMMENDS that Plaintiff's Title VII Complaint (Doc. No. 1) and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d (10th Cir. 1992).

The court further

RECOMMENDS that the District Court certify, pursuant to Title 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation and order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal she also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

14

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

 Dated this 2nd day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge